UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORY J. AMBRIZ,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 17-cv-1453-CAB-PCL<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 21]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 14]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 18]** |

  On July 18, 2017, Plaintiff Glory J. Ambriz ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") regarding the denial of her application for Supplemental Security Income ("SSI"). [Doc. No. 1.] On December 7, 2017, Plaintiff filed a motion for summary judgment, requesting the Court reverse the Commissioner's final decision and order the payment of SSI, or, alternatively, remand the case for further proceedings. [Doc. No. 14.] On January 2, 2018, Defendant filed a cross-motion for summary judgment requesting the Court affirm the Commissioner's final decision. [Doc. No. 18.]

  On May 11, 2018, the Honorable Peter C. Lewis, United States Magistrate Judge, issued a Report and Recommendation (the "Report") recommending the Court grant the

Commissioner's motion for summary judgment and deny the Plaintiff's motion for summary judgment. [Doc. No. 21.] On June 1, 2018, Plaintiff filed objections to the Report. [Doc. No. 23.] As of the date of this order, Defendant has not filed a reply.

After a careful review of the record and *de novo* review of those portions of the Report to which specific objections have been made, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report in full, **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's motion for summary judgment.

## BACKGROUND

On December 10, 2012, Plaintiff filed an application for SSI under Title XIX of the Social Security Act. [Administrative Record ("A.R.") at 192.] In her application Plaintiff alleges disability claiming she suffers from several conditions, namely: fibromyalgia, chronic fatigue syndrome ("CFS"), dysmenorrhea, xenotropic murine leukemia virus (XMRU), mitochondrial myopathy, a weakened immune system, and chronic infections. [A.R. at 212]. Plaintiff's application was denied. [*Id.* at 92.]

On August 14, 2013, Plaintiff requested reconsideration of her claim but this request was denied. [*Id*. at 96, 97.] Subsequently, Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). [*Id.* at 102, 139.]

On January 6, 2016, a hearing was held on Plaintiff's claim before ALJ Jay E. Levine. [*Id*. at 17, 59-86.] The ALJ found Plaintiff not disabled and denied her application. [*Id*. at 14-26.] Plaintiff exhausted administrative remedies and filed this action on July 18, 2017. [Doc. No. 1.]

On October 30, 2017, Defendant filed an answer to the complaint and lodged the Administrative Record. [Doc. Nos. 11, 12.] On December 7, 2017, Plaintiff filed a motion for summary judgment. [Doc. No. 14.] On January 2, 2018, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. [Doc. No. 18.] On January 17, 2018, Plaintiff filed her reply memorandum. [Doc. No.

20.] On May 11, 2018, Magistrate Judge Lewis issued the Report, recommending that Defendant's motion be granted and Plaintiff's motion be denied. [Doc. No. 21.]

## LEGAL STANDARDS

An individual may seek judicial review of the Commissioner of Social Security's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). However, the breadth of the review is limited. Under 42 U.S.C. section 405(g), courts review the ALJ's decision to determine whether substantial evidence supports the ALJ's findings and if they are free of legal error. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir.1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards). The Commissioner's final decision should not be disturbed unless; (1) the ALJ's finding are based on legal error; or (2) the ALJ's determinations are not supported by substantial evidence in the record as a whole. *See Schneider v. Comm'r of Soc. Sec. Admin*, 223 F.3d 968, 973 (9th Cir. 2000).

The reviewing court must follow three important rules when analyzing an ALJ's decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). First, the court "leave[s] it to the ALJ to determine credibility, resolve conflicts in testimony, and resolve ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1098 (9th Cir. 2014). Second, the court should "disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error." *Id.* (internal quotation marks and citation omitted). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

In determining if substantial evidence exists, courts must review the record as a whole and consider adverse as well as supporting evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.2006). Where evidence can reasonably be construed to support more than one rational interpretation, the ALJ's decision must be upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts.

*Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins*, 466 F.3d at 882 (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989)); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.2007). Third, the court must uphold an ALJ's decision, even when the ALJ commits legal error if that error is harmless. *Treichler*, 775 F.3d at 1099.

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Objections must be written and specific. *See, e.g.,* Fed. R. Civ. P. 72(b)(2). It is well-settled that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen,* No. 12-cv-401-IEG(DHB), 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases).

DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation to grant Defendant's motion for summary judgment and deny Plaintiff's motion. First, Plaintiff argues that the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's symptom and limitation testimony. Second, Plaintiff argues that she satisfied the burden of demonstrating the presence of an impairment that could cause the symptoms and limitations of fatigue.

An ALJ engages in a two-step analysis in determining whether a claimant's testimony regarding subjective pain or symptoms is credible. *Molina v. Astrue*, 674 F.3d 1104. 1112 (9th Cir. 2012). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which would reasonably be expected to produce pain." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). Second, "[i]f the claimant satisfies the first step of the analysis and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* This requires the ALJ identify which testimony is not credible and what evidence undermines the claimant's complaints. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct. *See Turner v. Comm'r of Soc. Sec. Admin*, 613 F.3d 1217, 1224-25 (9th Cir. 2010). The ALJ is required to consider a claimant's daily activities and may reasonably discount a claimant's subjective complaints where the claimant engaged in activities inconsistent with the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.927(c)(3); *Molina,* 674 F.3d at 1113. Where, as here, a Plaintiff has provided evidence of an underlying impairment, the ALJ may "reject the claimant's testimony about the severity of h[is] symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter,* 806 F.3d at 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

### a. Fibromyalgia, CFS and dysmenorrhea claims

No party has challenged the ALJ's finding that Plaintiff suffers from the sever impairments of fibromyalgia, history of CFS and history of dysmenorrhea. Therefore, for these conditions the Court will focus on the second step of the analysis, namely, whether the ALJ offered "clear and convincing reasons" for rejecting claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014). As Magistrate Judge Lewis noted, because these complaints cannot be supported by medical findings, "the ALJ's

5

17-cv-1453-CAB-PCL

An ALJ engages in a two-step analysis in determining whether a claimant's testimony regarding subjective pain or symptoms is credible. *Molina v. Astrue*, 674 F.3d 1104. 1112 (9th Cir. 2012). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which would reasonably be expected to produce pain." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). Second, "[i]f the claimant satisfies the first step of the analysis and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* This requires the ALJ identify which testimony is not credible and what evidence undermines the claimant's complaints. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct. *See Turner v. Comm'r of Soc. Sec. Admin*, 613 F.3d 1217, 1224-25 (9th Cir. 2010). The ALJ is required to consider a claimant's daily activities and may reasonably discount a claimant's subjective complaints where the claimant engaged in activities inconsistent with the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.927(c)(3); *Molina,* 674 F.3d at 1113. Where, as here, a Plaintiff has provided evidence of an underlying impairment, the ALJ may "reject the claimant's testimony about the severity of h[is] symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter,* 806 F.3d at 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

### a. Fibromyalgia, CFS and dysmenorrhea claims

No party has challenged the ALJ's finding that Plaintiff suffers from the sever impairments of fibromyalgia, history of CFS and history of dysmenorrhea. Therefore, for these conditions the Court will focus on the second step of the analysis, namely, whether the ALJ offered "clear and convincing reasons" for rejecting claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014). As Magistrate Judge Lewis noted, because these complaints cannot be supported by medical findings, "the ALJ's

determination of Plaintiff's credibility is crucial to determining whether Plaintiff is entitled to benefits." [Doc. No. 21:13-14.]

Upon review of the ALJ's decision, Magistrate Judge Lewis concluded that:

> [t]he ALJ properly considered Plaintiff's inconsistent statements and inconsistencies between her statements and the medical record when assessing her credibility. The ALJ provided clear and convincing reasons for finding Plaintiff's testimony to be not credible. (AR at 23.)

[Doc. No. 21 at 16:14-17.]

In regards to these conditions, Plaintiff makes general objections to the Report, and requests that it be rejected in its entirety, but does not identify the specific portions to which she takes issue. [*See generally* Doc. No. 23.] Plaintiff then proceeds to cite to portions of the administrative record that set forth a particular difficulty or physical ailment she has experienced without tying them to any specific impairment.

But, as Magistrate Judge Lewis explained the ALJ noted the numerous medical professionals' observations that Plaintiff's overall ability to function and complete day to day tasks was not impaired by her conditions. [*See generally* Doc. No. 21 at 11-15.] Plaintiff reported to these individuals that she was able to open jars, write legibly, turn door knobs, reach overhead, reach her back pocket, put on socks, climb stairs, walk long distances, and function independently. [Doc. No. 21 at 11; A.R. at 24; 632-654.] Magistrate Judge Lewis also noted the ALJ's reliance on a March 3, 2015 gynecological exam performed on Plaintiff which had been recorded as "unremarkable." [Doc. No. 21 at 13.] Judge Lewis found this examination "especially significant" because it was a part of Plaintiff's new patient exam and "nowhere in the record did [her] new gynecologist record Plaintiff's diagnosis of dysmenorrhea." [*Id.* at 14.] Yet, at the hearing before the ALJ, Plaintiff provided testimony inconsistent with the information that she had reported to her medical providers. [A.R. 35-53.] Furthermore, Plaintiff's suggestion that the ALJ ignored the evidence she supplied regarding her fatigue, is not borne out by a review of his decision. The ALJ rejected the State agency medical consultants' and third-party consultative

examiner's opinions that Plaintiff was capable of medium work because they were "[in]consistent with the claimant's chronic pain and fatigue, as documented extensively in the overall record." [A.R. at 25.] In sum, Magistrate Judge Lewis found, and this Court agrees, that the ALJ provided a clear and convincing reason for finding Plaintiff's testimony to be not credibly, namely the inconsistencies between her statements and the medical records.

In accordance with the above, Plaintiff's objection that the Report incorrectly concluded that the ALJ offered specific, clear and convincing reasons for rejecting Plaintiff's testimony is rejected. Additionally, finding the general objections Plaintiff makes to the Report as a whole insufficient, the Court finds no clear error in the remaining portions of the R&R not specifically objected to by Plaintiff. *See generally* Doc. No. 21. Accordingly, those portions of the Report —which include Judge Lewis' findings with respect to the ALJ's determination of the fibromyalgia, CFS, and dysmenorrhea claims — are hereby **ADOPTED**. *See, e.g., Alcantara,* 2013 WL 4517861 at *1 ("Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R&R has the same effect as a failure to object.").

### b. XMRV virus

The majority of Plaintiff's objections focus on her XMRV diagnosis and ALJ Levine's limited discussion of the diagnosis in his decision. [*See* generally Doc. No. 21.] Plaintiff objects:

> [t]he R&R states that Ambriz did not establish XMRV as a medically determinable severe impairment… . The ALJ found that Ambriz has a medically determinable impairment of chronic fatigue syndrome. AR 19, ¶ 2. Ambriz satisfied the burden of demonstrating the presence of an impairment that could cause the symptoms and limitations of fatigue. Social Security Ruling 16-3p.

Doc. No. 23 at 2. Plaintiff then proceeds to spend the next two pages making scattershot citations to the record that essentially regurgitates the summary of statements and

testimony section of Plaintiff's summary judgment motion [*compare* Doc. No. 14-1 at 6:4-7:13 *with* Doc. No. 23 2:24-4:6] before Plaintiff concludes:

> The ALJ agreed that Ambriz complained of fatigue pain and sore throat. []
> Dr. Oster linked the complaints of fatigue to the XMRV diagnosis. AR 258,
> 259. Dr. Oster discouraged further testing for XMRV because of the lack of
> treatment options. AR 263. Dr. To included the symptoms of fatigue in the
> discussions/diagnosis. AR 312.
>
> The court should find that the ALJ failed to articulate clear and convincing
> reasons for rejecting Ambriz's symptom and limitation testimony and reverse.

Doc. No. 23 at 4.

As Magistrate Judge Lewis pointed out, Plaintiff still bears the burden of showing that XMRV is a severe impairment. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009). But Plaintiff's objections suffer from the same fate as the motion itself, namely "Plaintiff fails to point to a place in the record where a medical report states how exactly this [XMRV] diagnosis affects Plaintiff. Although Plaintiff herself claims the XMRV causes her to have a weakened immune system, there is no medical professional noting this effect, or any other effects of the XMRV has on Plaintiff." [Doc. No. 21 at 18.] For example, the February 9, 2015, progress note detailing Plaintiff's visit to the offices of Dr. Abel Toledo, MD, includes the notation that Plaintiff had reported being "told in the past that she has a retrovirus XMRV which apparently has been associated in chronic fatigue syndrome." [A.R. 452] Yet no other information is provided regarding this condition, the symptoms related to it or a treatment plan for this condition. Similarly, the April 7, 2015 medical record of Plaintiff's visit to Mahmood Pazirandeh, M.D., includes an entry regarding Plaintiff being diagnosed with a "rare" type of disease similar to HIV, with no present treatment," provides a review of symptoms along with information regarding Plaintiff's current disabilities and an assessment/plan, but aside from this initial mentioning of XMRV, XMRV does not appear anywhere else in the visit note. [*Id.* at 577-581.]

As a consequence, the Court finds Magistrate Judge Lewis correctly determined that Plaintiff has not presented evidence that demonstrates any of Plaintiff's symptoms were caused or exacerbated by her XMRV or show how Plaintiff was otherwise affected by that specific disease. In fact the evidence cited by Plaintiff is composed primarily of statements she herself provided that could be applied across the board to all of her complaints. Accordingly, the Court **OVERRULES** Plaintiff's objections to the Report that she satisfied the burden of demonstrating that XMRV constitutes a severe impairment and linked this diagnosis to the any specific symptoms or limitations.

## CONCLUSION

The Court has conducted a de novo review of the Report and finds it to be thorough, complete, and an accurate analysis of the legal issues presented in the motion for summary judgment. Therefore, the Court: (1) adopts the Report [Doc. No. 21] in full; (2) rejects Plaintiff's objections [Doc. No. 23]; (3) denies Plaintiff's motion for summary judgment [Doc. No. 14]; and (4) grants Defendant's motion for summary judgment [Doc. No. 18].

It is **SO ORDERED**.

Dated: July 6, 2018

Hon. Cathy Ann Bencivengo
United States District Judge